ALLEN B. CHILCOAT and ROBERT D. MELICK, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

CIVIL SERVICE, § 27*—*what must be shown to warrant issuance of writ to compel restoration to office.* One seeking a writ of mandamus to compel his restoration to a municipal office must show the legal existence of the office sought, and if it does not appear that there is an ordinance creating the office, the writ will not issue.

---

### Albert Macrae, Defendant in Error, v. Ambrose J. Krier, Plaintiff in Error.

### Gen. No. 23,995.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed June 10, 1918.

### Statement of the Case.

Action by Albert Macrae, plaintiff, against Ambrose J. Krier, defendant, on a promissory note. To reverse a judgment for plaintiff for $200, defendant prosecutes this writ of error.

GEORGE L. SCHEIN, for plaintiff in error.

FRED D. JACKSON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 334*—*who must bring action on note.* An action on a promissory note must be brought in the name of the holder of the legal title.

2. BILLS AND NOTES, § 422*—*when necessary to introduce note in evidence.* Where, in an action on a promissory note, defendant asserts fraud in the execution of the note, the note itself must be introduced in evidence.

---

## Julius Fox, Appellee, v. New York Life Insurance Company, Appellant.

### Gen. No. 24,010.

INSURANCE, § 141*—*when life policy takes effect from date of application.* Where the application for a policy of life insurance provides that, "unless otherwise agreed in writing," the policy shall relate back and take effect as of the date of the application, the delivery and acceptance of the policy does not create a new agreement between the parties as to the date the policy takes effect, even though the policy itself bears a different date and contains a provision for the payment of annual premiums on that day each year, and also that after its delivery and acceptance the policy shall take effect as of such latter date, and especially is this true where the policy is accompanied by a blank form of request for the change of the policy's taking effect from the date of the application to the date of the policy, which request is not signed by the insured.

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918.

HAMLIN & TOPLIFF, for appellant; JAMES H. McINTOSH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.